IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOSE CRUZBERTO DELGADO and MARIA  )
DE LA LUZ DELGADO,                )   2:11-cv-1258-GEB-CKD
                                  )
        Plaintiffs,                )
                                  )   ORDER TO SHOW CAUSE AND
        v.                         )   CONTINUING STATUS (PRETRIAL
                                  )   SCHEDULING) CONFERENCE; FED.
NATIONAL CITY MORTGAGE, NATIONAL  )   R. CIV. P. 4(M) NOTICE
CITY BANK, PNC BANK, N.A., GREEN  )
TREE SERVICING, LLC, and DOES 1   )
THROUGH 100, inclusive,           )
                                  )
        Defendants.                )
_____  )
```

The May 11, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on August 29, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The May 11, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiff and Defendants National City Mortgage, National City Bank, and PNC Bank, N.A., are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on September 6, 2011, why sanctions should not be imposed against them and/or their counsels under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also

state whether the parties or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 3, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that if Green Tree Servicing, LLC is not served with process within the 120 day period prescribed in that Rule, it may be dismissed as a defendant in this action unless Plaintiff provides proof of service and/or "shows good cause for the failure" to serve within this prescribed period in a filing due no later than 4:00 p.m. on September 14, 2011.

IT IS SO ORDERED.

Dated: August 25, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2