```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA


JOSE CRUZBERTO DELGADO and MARIA  )
DE LA LUZ DELGADO,                )    2:11-cv-01258-GEB-KJN
                                  )
          Plaintiffs,             )
                                  )    ORDER
     v.                           )
                                  )
NATIONAL CITY MORTGAGE; NATIONAL  )
CITY BANK; PNC BANK, N.A.; GREEN  )
TREE SERVICING, LLC; and DOES 1   )
through 100 inclusive,            )
                                  )
          Defendants.             )
_____ )
```

Defendant PNC Bank, National Association ("PNC") removed this case from state court, arguing that both federal question and diversity jurisdiction justified removal. (Notice of Removal ("NOR") 2:10-21, ECF No. 1.) However, PNC has not sustained its burden of showing the existence of removal jurisdiction.

"There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011) (internal quotation marks omitted).

PNC argues in its Notice of Removal that complete diversity of citizenship exists because, *inter alia*, "Defendant Green Tree Servicing, LLC is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Minnesota." (NOR 2:22-26.) However, PNC has not sufficiently alleged the citizenship of Defendant Green Tree Servicing, LLC. "For purposes of

1  diversity jurisdiction, . . . a limited liability corporation is a
2  citizen of all of the states of which its owners/members are citizens."
3  Lindley, 414 Fed. Appx. at 64 (citation omitted). "[T]he citizenship of
4  all members of limited liability corporations . . . [must] be alleged."
5  Id.

6  PNC also argues in its notice of removal that "[t]his action
7  is a civil action of which this Court has original jurisdiction under 28
8  U.S.C. Section 1331 . . . in that it arises under the Federal Truth in
9  Lending Act [TILA] . . . , Code of Federal Regulations [CFR] . . . , and
10 the Real Estate Settlement Procedures Act [RESPA] . . . ." (NOR 2:10-
11 15.) However, Plaintiffs do not allege any TILA, RESPA or CFR claims in
12 their Complaint and PNC has not shown that any of Plaintiffs' state
13 claims arise under federal law.

14 28 U.S.C. § 1331 prescribes that "district courts shall have
15 original jurisdiction of all civil actions arising under the
16 Constitution, laws, or treaties of the United States." "'Arising under'
17 federal jurisdiction only arises . . . when the federal law does more
18 than just shape a court's interpretation of state law; the federal law
19 must be at issue." Int'l Union of Operating Eng'rs v. Cnty. of Plumas,
20 559 F.3d 1041, 1045 (9th Cir. 2009). "[A] case arises under . . .
21 [federal law when] a right . . . created by [that law is] an element,
22 and an essential one, of the plaintiff's cause of action." Id. at 1044
23 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)).

24 "The . . . 'well-pleaded complaint rule' . . . provides that
25 federal jurisdiction exists only when a federal question is presented on
26 the face of the plaintiff's properly pleaded complaint." California v.
27 United States, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting Audette v.
28 Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 (9th

Cir. 1999)). "The [well-pleaded complaint] rule makes the plaintiff the master of [his] claim[s]; he . . . may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

Since PNC has failed to sustain its burden of showing the existence of federal question or diversity removal jurisdiction, this case is remanded to the Superior Court of the County of San Joaquin from which it was removed for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c) (prescribing that the case shall be remanded "when it appears that the district court lacks subject matter jurisdiction . . . .").

Dated: January 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge